IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
FRANCES FRENCH,                       )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )    1:07CV71
                                      )
MICHAEL J. ASTRUE,                    )
Commissioner of Social Security,      )
                                      )
        Defendant.                    )
```

**MEMORANDUM OPINION AND RECOMMENDATION OF MAGISTRATE JUDGE ELIASON**

Plaintiff Frances French seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision denying her disability insurance benefits. The Commissioner's denial decision became final on November 30, 2006, when the Appeals Council concluded there was no basis to review the hearing decision of the Administrative Law Judge ("ALJ"). In this action, the parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

Plaintiff filed an application for disability insurance benefits on June 21, 2004, alleging disability as of July 1, 2003, due to "[problems] breathing, heart condition, [and being] overweight." Her application was denied initially and on reconsideration, and Plaintiff filed a request for a hearing. A hearing was held before ALJ Mary E. Bisantz on July 17, 2006 in Raleigh, North Carolina, and a decision denying Plaintiff's claim was issued on July 26, 2006. Plaintiff filed a request for review, and on November 30, 2006, the Appeals Council found no basis on

which to review the ALJ's decision. Plaintiff then filed a request for judicial review in this Court on January 29, 2007.

## **Scope of Review**

The scope of review by this Court of the Commissioner's decision denying benefits is limited. Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). The Court must review the entire record to determine whether the Commissioner has applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Where this is so, the Commissioner's findings are conclusive. The Court may not reweigh conflicting evidence that is substantial in nature and may not try the case de novo. Id. The Court may not make credibility determinations or substitute its judgment for that of the ALJ's. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). "Substantial evidence" has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, 402 U.S. 389 (1971) (citations omitted), or "evidence which . . . consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (citations omitted).

In reaching a decision on Plaintiff's claim, the ALJ followed a five-step analysis set out in the Commissioner's regulations. 20 C.F.R. §§ 404.1520(2007). Under the regulations, the ALJ is to consider whether a claimant (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that

meets or equals the requirements of a listed impairment; (4) can return to his or her past relevant work; and if not, (5) whether he or she can perform other work. The burden of persuasion is on the claimant through the fourth step. See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). If the claimant reaches the fifth step the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform considering his or her age, education and work experience. Id.

In this case, the ALJ found that Plaintiff met the disability insured status requirements of the Social Security Act on her alleged onset date of disability and remains insured until December 31, 2008. (Tr. at 13.) At the first step of the sequential evaluation, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since her onset date of disability. (Id.)

The second step in the sequential evaluation process is to determine whether Plaintiff has a severe impairment. A severe impairment is one which, either separately or in combination with another impairment, significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). At step two, the ALJ found that Plaintiff has severe impairments including insulin dependent diabetes mellitus, obstructive sleep apnea, hypertension and obesity. (Tr. at 13.) At step three of the sequential evaluation, the ALJ found that Plaintiff does not have an impairment, or combination of

impairments, that meets or equals a listing in Appendix 1, Subpart P, Regulation Number 4. (Id.)

The ALJ concluded her evaluation at step four by finding that Plaintiff retains the residual functional capacity to perform light work with a sit/stand option. (Id. at 14.) Thus, the ALJ found that Plaintiff was capable of performing her past relevant work as a mail handler. (Id. at 16.) The ALJ, therefore, found that Plaintiff is "not disabled" as defined in the Social Security Act. (Id. at 17.)

In this action, Plaintiff's first argument is that the ALJ erred in failing to include Plaintiff's restrictive lung disease as a severe impairment at step two of the sequential evaluation. (Docket No. 11, Br. in Supp. of Pl.'s Mot. for J. on the Pleadings, at 4-5.) Plaintiff contends that a statement by one of her treating physicians, that she "'most certainly has restrictive lung disease secondary to her central obesity,'" required the ALJ to assess the severity of that disease. (Id. at 4)(quoting Tr. at 159.) Plaintiff is correct that the ALJ did not separately include restrictive lung disease as a "severe" impairment. Yet, what Plaintiff fails to note is that, according to the treatment note that she cites, Plaintiff's physician considered her restrictive lung disease as related to Plaintiff's obstructive sleep apnea. (Tr. at 159)("Obstructive sleep apnea: [Plaintiff] has been compliant with her [treatment]. She, most certainly has restrictive lung disease secondary to her central obesity.") Based on the treating physician's notes, Plaintiff's restrictive lung

-4-

disease falls withing the larger category of obstructive sleep apnea. (See id. at 159; see also Dr. Garrett's assessment (Tr. at 150).) The ALJ considered the medical evidence of Plaintiff's breathing difficulties and found that Plaintiff's obstructive sleep apnea is a severe impairment. (Id. at 13.) Plaintiff has failed to cite to any evidence that Plaintiff's "restrictive lung disease" is an impairment separate and apart from her obstructive sleep apnea. Nor has she shown it was error to consider it as part of the sleep apnea. Thus, the ALJ committed no error in not including it as a separate, severe impairment at step two of the sequential evaluation.

Plaintiff next argues that the ALJ failed to state adequate reasons for finding that Plaintiff's testimony concerning her symptoms was not entirely credible. (Docket No. 11, Pl.'s Br. at 6-7.) Under the regulations, the determination of whether a person is disabled by subjective symptoms is a two-step process. Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). First, there must be objective medical evidence showing the existence of a medical condition or impairment which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the symptoms alleged. Id. at 594. This does not mean just any symptoms, but rather the symptoms from which the claimant alleges she suffers. Id. Second, if the claimant has met the threshold obligation of showing by objective medical evidence a medical impairment reasonably likely to cause the symptoms claimed, the Commissioner must next determine the

intensity and persistence of the claimant's symptoms, and the extent to which they affect the ability to work. Id. at 595. In making this determination, the ALJ may consider the presence or lack of objective evidence, inconsistencies in the evidence, and statements by Plaintiff and physicians; in short, all evidence relevant to making an evaluation of the credibility of the claimant's subjective complaints. Id. at 595-96. The ALJ may also discount subjective complaints based on evasive, unclear or exaggerating testimony by the claimant, or testimony at odds with the claimant's routine activities. Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005).

Plaintiff contends that the ALJ's finding that "'the claimant's statements to her doctors are not consistent with her testimony'" is not sufficiently specific.[1] (Docket No. 11, Pl.'s Br. at 6-7)(quoting Tr. at 16.) Again, however, Plaintiff's characterization of the record is incomplete. Contrary to Plaintiff's assertion that "[o]ne who reads the record is left to guess" the source of the referred-to inconsistent statements (Docket No. 11, Pl.'s Br. at 7), the ALJ thoroughly reviewed and discussed the medical and other evidence in reaching her credibility determination. (See Tr. at 14-16.) The ALJ

---

[1] In support of her argument, Plaintiff cites to Morgan v. Barnhart, 142 F. Appx. 716, 731 (4th Cir. 2005), an unpublished opinion. (Docket No. 11, Pl.'s Br. at 7.) Plaintiff failed, however, to state in her citation that the proposition cited to is from a dissenting opinion. The majority held that the ALJ's decision to discredit questionnaire responses by Plaintiff's family members was supported by substantial evidence. Morgan, 142 F. Appx. at 724-25. Plaintiff is strongly cautioned to avoid these kind of misleading citations in future.

-6-

specifically found that Plaintiff's physicians had noted that her impairments mainly resulted from her obesity and that she had no other complications from other impairments. (Id. at 16.) The ALJ also noted that Plaintiff's obesity long pre-dated her alleged onset date of disability, and despite this condition which she now claims is disabling, she was able to raise seven children and work for years as a mail handler. (Id.) Thus, the ALJ's reasoning is sufficiently specific and supported by substantial evidence.

Plaintiff's third argument is that the ALJ was obligated to obtain evidence from Plaintiff's treating physicians concerning the effects of her combined impairments and whether they equal any respiratory listing. (Docket No. 11, Pl.'s Br. at 8-9.) Under the regulations, an impairment that meets or is "medically equivalent" to a listed impairment is sufficiently severe to prevent a person for doing any gainful activity. 20 C.F.R. § 404.1525-26(2007). A combination of impairments of at least equal medical significance to a closely analogous listed impairment is medically equivalent to that listing. 20 C.F.R § 404.1526(b)(3).

Whether Plaintiff's impairments meet or equal a listed impairment is an issue reserved for the Commissioner. 20 C.F.R. § 1527(e)(2007); Social Security Ruling 96-5p, <u>Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner</u> ("SSR 96-5p"). Equivalence is not a medical issue regarding the nature and severity of Plaintiff's impairments, but is an administrative finding that is dispositive of the case. SSR 96-5p. Because the Commissioner retains

responsibility to decide this issue, treating source opinions concerning listing equivalence are never entitled to controlling weight or any special significance. SSR 96-5p. Thus, while a medical opinion in the record concerning equivalence may not be ignored by the ALJ, the ALJ is not required to seek an opinion where one does not exist.

Moreover, it is Plaintiff's burden at step three to produce evidence that she meets or equals a listing. See 20 C.F.R. § 404.1512(2007). Plaintiff mentions Listing 3.02, Chronic Pulmonary Insufficiency, but otherwise fails to specify which listing or listings she contends is closely analogous to her combination of impairments. Plaintiff plainly does not meet Listing 3.02, which requires an FVC of 1.35 liters or less or an $FEV_1$ of 1.15 liters or less for a claimant of Plaintiff's height. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 3.02. There is no evidence in the record that Plaintiff ever had pulmonary insufficiency severe enough to meet the listing's criteria. Pulmonary testing in April 2003 showed Plaintiff had an FVC of 1.58 liters and an $FEV_1$ of 1.32 liters. (Tr. at 110, 130.) In April 2004, Plaintiff's FVC was 1.54 liters and her $FEV_1$ was 1.28 liters. (Id. at 91.) In May 2005, Plaintiff had an FVC of 1.75 liters and an $FEV_1$ of 1.46 liters. (Id. at 172.)

Although Plaintiff speculates that a treating physician "might reasonably have found" that Plaintiff's combination of impairments was the equivalent of one the listings (Docket No. 11, Pl.'s Br. at 9)(emphasis added), no physician rendered such an opinion, and

Plaintiff points to no medical or other evidence which would support an equivalence finding. The regulations require the ALJ to re-contact a medical source only when the evidence "is inadequate . . . to determine whether [the claimant is] disabled." 20 C.F.R. § 1512(e)(2007). They do not, however, require an ALJ to become an investigator and pursue every remote speculation where, as here, "the evidence actually tendered does not clearly call for further fleshing-out." Jones. v. Bowen, 699 F. Supp. 693, 697 n.8 (N.D. Ill. 1988).

This is especially so where a claimant is represented by counsel at the administrative hearing.

> [T]he ALJ cannot fairly be saddled with the task of doing the lawyer's job for him or her. It is one thing to impose on an ALJ the duty to make sure the record is developed fully where a claimant unschooled in the law . . . is involved; it is quite another to expect the ALJ to assume the lawyer has come unprepared to develop whatever factual issues the case appropriately calls for. If the record appears to present all the relevant facts, with the lawyer having had a full opportunity to ask any questions and tender any evidence he or she desired, the ALJ cannot properly be second-guessed for a claimed failure to 'develop' the record.

Id. Plaintiff was represented by counsel and had a full opportunity to obtain and present evidence that her impairments equaled a listing. Having failed to do so, she cannot now complain that the ALJ failed to introduce that evidence for her.

Plaintiff next argues that there is no substantial evidence to support the ALJ's finding at step four of the sequential analysis that Plaintiff is able to stand and/or walk for up to six hours in a work day. (Docket No. 11, Pl.'s Br. at 9.) Plaintiff argues

that the ALJ based her RFC assessment solely on the medical opinion of Dr. David H. Brown, a non-examining agency physician, and that Dr. Brown's opinion is "overwhelmingly contradicted" by the evidence. (Docket No. 11, Pl.'s Br. at 10.) Specifically, Plaintiff argues that her use of oxygen on an as-needed basis and her dyspnea on exertion belie Dr. Brown's findings. (Id.)

First, Plaintiff's representation of the ALJ's RFC assessment is incomplete. The ALJ found that Plaintiff is capable of standing or walking for six of eight hours in a work day, but with the limitation that Plaintiff be afforded a sit/stand option. (Tr. at 14.) This is important because this limitation on Plaintiff's RFC takes into account and allows for Plaintiff's fatigue and difficulty breathing following exertion.

Moreover, the Court disagrees that the ALJ's finding is contrary to the record, and instead finds that substantial evidence supports the RFC assessment. As the ALJ noted, medical records reveal that Plaintiff had been treated for morbid obesity and its attendant medical difficulties since well before her alleged onset date of disability, during which time she was able to and did work. (See id.) Further, although Plaintiff continues to claim that she requires oxygen during the day, her medical records indicate that her treating physicians felt it unnecessary; they stated that her exercise was limited primarily by her obesity and deconditioning (as opposed to pulmonary disease) and that her oxygen saturation remained above 88% on room air upon exertion. (See Tr. at 91, 98, 113, 172.) Plaintiff also reported to her physician in December

-10-

2005 that, although she got short of breath when she walked long distances or walked quickly, her breathing difficulties were stable that she was able to "get around pretty well." (Id. at 162.)

Dr. Brown reviewed Plaintiff's medical records and concluded that Plaintiff could stand or walk for six hours of an eight hour day. (Id. at 141.) This assessment was affirmed by another non-examining physician in December 2004. (Id. at 151.) A non-examining physician's opinion, when consistent with other evidence in the record, can constitute substantial evidence in support of the ALJ's findings. Smith v. Schweiker, 795 F.2d 343, 345-46 (4th Cir. 1986); Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984).

The ALJ considered that Plaintiff's obesity could cause shortness of breath and fatigue, and accounted for those conditions in limiting Plaintiff to light work with a sit/stand option. The ALJ's finding is entitled to substantial deference; the Court may not reweigh conflicting evidence that is substantial in nature and may not try the case de novo. Hays, 907 F.2d at 1456. Based on the record as a whole, the Court finds that the ALJ's RFC assessment is supported by substantial evidence.

Finally, Plaintiff argues that the ALJ erred in relying on a vocational expert in deciding at step four of the sequential analysis that Plaintiff is capable of returning to her past relevant work as a mail handler. (Docket No. 11, Pl.'s Br. at 11.) Plaintiff claims that Smith v. Bowen, 837 F.2d 635 (4th Cir. 1987), which held that an ALJ could not elicit testimony from a vocational expert at step four of the sequential analysis, is controlling.

-11-

Case 1:07-cv-00071-WO-RAE   Document 15   Filed 07/03/08   Page 11 of 12

Plaintiff is incorrect. The holding in Smith has been superseded by subsequent changes to the regulations, which clarified that the ALJ may use a vocational expert or other vocational resource at step four. Jones v. Astrue, C/A No. 8:06-2765-JFA-BHH, 2008 WL 597834, at *12 (D.S.C. Feb. 28, 2008)(slip opinion); Prim v. Astrue, No. 7:07cv213, 2008 WL 444537, at *7 n.5 (W.D. Va. Feb 13, 2008)(slip opinion); Daniels v. Astrue, No. 2:06cv00034, 2007 WL 2126395, at *5 n.7 (W.D. Va. July 23, 2007)(slip opinion); see 20 C.F.R. § 404.1560(b)(2007). Thus, it was entirely proper for the ALJ to rely on the vocational expert's testimony in determining that Plaintiff is able to return to her past relevant work.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for judgment on the pleadings (docket no. 10) be denied, that Defendant's motion for judgment on the pleadings (docket no. 13) be granted, and judgment be entered in favor of the Defendant.

_____
**United States Magistrate Judge**

July 3, 2008